UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MELVIN LEE DAVIS                                                                        PETITIONER

VERSUS                                                   CIVIL ACTION NO. 1:15CV147-LG-RHW

JACQUELYN BANKS et al                                                              RESPONDENTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Melvin Lee Davis filed a 28 U.S.C. § 2241 petition asserting that the Virginia Department of Corrections has placed an illegal and invalid detainer upon him.  Doc. [1] at 2.  Davis currently is serving a federal sentence in the custody of the Mississippi Department of Corrections.  *See Davis v. United States*, 944 F.Supp.2d 36, 37 (D.D.C. 2013).  Davis has a criminal and incarceration record dating back at least to 1972.  *See Davis v. Wiley*, No. 07cv00056, 2009 WL 5585288, at *4-7 (D. Colo. May 26, 2009); Doc. [20-2] at 2 & [21-1].  According to Wendy K. Brown, the Legal Services and Community Release Manager for the Virginia Department of Corrections, the Commonwealth of Virginia has lodged detainers against Davis for time left to serve on his Virginia sentences.  *See* Doc. [21-1].

In sum Davis asserts that once his current federal sentence is completed, he should not be required to serve any additional time in Virginia.  Doc. [1] at 14, 19.  He further asserts that over time the Virginia Department of Corrections has been lodging a detainer against him and then removing it.  *Id.* at 17-19, 23.  This is not the first time that Davis has attempted to convince the Court that Virginia authorities have shown ambivalence, or even disinterest, towards Davis' completion of the unfinished sentence with the Virginia Department of Corrections.  *See United States v. Davis*, 8 F.3d 923, 925-27 (2d Cir. 1993).  While incarcerated in Connecticut in the

early 1990s, Davis was found guilty of falsifying documents in an attempt to convince Connecticut officials that the Virginia detainer was no longer active. *See id.*

Davis now requests that this Court remove the Virginia detainer. *Id.* at 30. According to Davis, removing the detainer would affect his classification status and thus make him eligible to participate in certain programs while incarcerated with the MDOC. *Id.* at 17-18, 22, 24, 27. Respondents Jacquelyn Banks, Superintendent of SMCI, and Mark R. Herring, Attorney General for the Commonwealth of Virginia, have filed separate motions to dismiss. Doc. [14] & [19]. Respondent Herring has provided an affidavit and letters from the Virginia Department of Corrections demonstrating that Virginia has placed a detainer against Davis for unserved time on his Virginia sentence. Doc. [21-1]. Davis has not presented any documents from the Virginia Department of Corrections that would contradict this fact.

## Law and Analysis

Section 2241 may be used by an inmate to attack a detainer lodged against him by another state. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 498 (1973). Jurisdiction is appropriate in the federal courts of the demanding state, which in this case would be Virginia. *See id.* at 489-99. However, federal courts in the district of confinement may exercise concurrent jurisdiction over the claim. *See id.* at 499 n.15. Accordingly, jurisdiction is also proper in the United States District Court for the Southern District of Mississippi. As a threshold matter, an inmate must exhaust state court remedies prior to filing suit in federal court under § 2241. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). The exhaustion doctrine of § 2241(c)(3) is designed "to protect state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the

state adjudicatory process." *Id.*

The undersigned finds that Davis' petition should be dismissed because he has failed to exhaust available state remedies. Under Virginia law, inmates such as Davis who claim to be "detained without lawful authority" may file a petition for a writ of habeas corpus in Virginia state court pursuant to Va. Code § 8.01-654(A)(1). *See Carroll v. Johnson*, 685 S.E.2d 647, 652-55 (Va. 2009). In a previously filed § 2241 petition, Davis raised the identical issue regarding the validity of the Virginia detainer. The United States District Court for the District of Colorado dismissed the petition because Davis failed to exhaust remedies in Virginia and cited specifically to Va. Code § 8.01-654. *See Davis v. Wiley*, No. 07cv00056, 2010 WL 331916 (D. Colo. Jan. 28, 2010). The United States Court of Appeals for the Tenth Circuit affirmed the decision of the district court and also cited to § 8.01-654. *Davis v. Wiley*, No. 10-1040, 2010 WL 2017675 (10th Cir. May 21, 2010). Consistent with the opinions of the United States District Court for the District of Colorado and the Tenth Circuit, the undersigned likewise finds that Davis' petition should be dismissed for failure to exhaust state remedies available under § 8.01-654.

In the instant § 2241 petition, Davis does not dispute the contention that he has failed to file a habeas petition pursuant to Va. Code § 8.01-654. Instead, he merely argues that he exhausted state remedies in Virginia because he mailed a 180-day demand letter to the appropriate Virginia authorities under the Interstate Agreement on Detainers (IAD) and asserts that there is no other available remedy. Doc. [1] at 4-9. Contrary to Davis' assertion, the IAD does not apply to his situation. The IAD only applies when a borrowing jurisdiction receives temporary custody of an inmate from another state for the purpose of permitting prosecution on untried charges. *See* Va. Code § 53.1-210, art. V(d); *Laster v. Compton*, No. 7:03-cv-00763,

2003 WL 24117699, at *2 (W.D. Va. Dec. 8, 2003)(explaining that detainer based on unserved time is not subject to IAD).  In Davis' case the detainer applies to unserved time rather than untried charges.  Accordingly, Davis' invocation of the IAD does not constitute exhaustion of state remedies.  In his response in opposition to Respondent Banks' motion to dismiss, Davis makes no mention of the exhaustion issue.  In response to Respondent Herring's motion to dismiss, Davis does not dispute the fact that he has not yet filed a habeas petition in Virginia state court pursuant to § 8.01-654.  He merely points to his filing under the IAD as proof of exhaustion.  Doc. [23] at 13-15.  Davis also quotes from Respondent Herring's brief as proof that there is no remedy available under Virginia law.  *Id.* at 13 (quoting Doc. [21] at 12 "Because Virginia state law prevents Davis from exhausting his state remedies. . .").  However, Davis misconstrues the significance of Respondent's argument.  Respondent is not stating that there are no state remedies under Virginia law.  Rather, Respondent is arguing that the state remedy has become unavailable because Davis is now time-barred from filing the appropriate petition in state court.

Respondent Herring urges the Court to dismiss Davis' petition with prejudice for various reasons, including the fact that Davis is now time-barred from filing a state habeas petition by operation of Virginia law.  Doc. [21] at 10-12.  Because Davis has failed to exhaust state remedies, the undersigned declines Respondent's invitation to interpret and apply Virginia state law on the issue of procedural default.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondents' motions to dismiss be GRANTED and that Petitioner's 28 U.S.C. § 2241 petition be dismissed without

4

prejudice for failure to exhaust state remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 26th day of January, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE